RUFUS BROOME, Commissioner, for the Court:[1]
The appellant was convicted of the crime forcible rape in Pike County, sentenced to serve the remainder of his natural life in the State Penitentiary, and has appealed to this Court, assigning as error that the verdict of the jury was against the overwhelming weight of the evidence, that the state withheld evidence from the defendant which would have been exculpatory, in violation of the orders of the court and the court committed reversible error in denying certain instructions presented by the appellant.
We will only set out such facts as are necessary in this case and in considering the first assignment of error, the appellant’s finger prints were matched with prints lifted from the scene and the victim was able to observe the appellant in a well-lighted room for several minutes and positively identified him and we feel that this evidence, along with other evidence, was more than sufficient to support a jury verdict.
The appellant at the close of the trial in the lower court filed a motion for a new trial on grounds that a deputy sheriff was said to have drawn a composite picture of the appellant based on information given him by the victim and that this picture did not resemble the appellant and this would have been exculpatory. There is nothing in the record except that statement contained in the motion for a new trial, which was overruled by the trial judge, and we think properly so, in that no proof was offered, no affidavits were attached to the motion, there is nothing before the Court to show that the deputy sheriff had ability to make such a drawing, and we feel this assignment of error is without merit and the point was not properly preserved.
The instructions presented by the appellant which were denied by the trial court were comments on the evidence and the trial judge properly refused them.
Finding no reversible error, this case must be and is hereby affirmed.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur. ’

. Sitting pursuant to Chapter 430, Laws i 1976. The above opinion is adopted as the opinion of the Court.